■ In the Matter of SAGE REALTY CORPORATION et al., Appellants, v PROSKAUER ROSE GOETZ & MENDELSOHN LLP, Respondent. [743 NYS2d 72] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 22, 2002, which granted the motion of respondent law firm Proskauer Rose Goetz & Mendelsohn LLP for a final judgment dismissing the proceeding and denied petitioner's cross motion for a discovery order and sanctions, unanimously reversed, on the law and the facts, without costs, the motion denied and the cross motion granted to the extent that (a) petitioner is entitled to discovery regarding respondent's earlier computer system and the projected cost of searching for and retrieving the missing files, and any dispute as to this cost shall be resolved by the IAS court upon proper motion; (b) respondent shall conduct a search of the missing files; and (c) petitioner shall pay for the cost of this search and retrieval of any of these missing files.

In December 1993, petitioners retained Proskauer Rose Goetz & Mendelsohn LLP (hereinafter the Proskauer firm) as their counsel with regard to a refinancing and restructuring of certain commercial properties owned and/or managed by them. The Proskauer firm represented petitioners until the parties terminated their relationship in January 1996. Subsequently, petitioners commenced this special proceeding for an order compelling the Proskauer firm to turn over all its outstanding files generated or collected in connection with the representation, including work product, correspondence, research, drafts and similar nonfinal product.

The proceeding was eventually appealed to the Court of Appeals, which enunciated the rule that "[b]arring a substantial showing by the Proskauer firm of good cause to refuse client access, petitioners should be entitled to inspect and copy work product materials, for the creation of which they paid during the course of the firm's representation" (*Matter of Sage Realty Corp. v Proskauer Rose Goetz & Mendelsohn*, 91 NY2d 30, 37). The Court of Appeals remanded the matter to the Supreme Court for a hearing on the various categories of documents. The Proskauer firm identified 187 files that it was required to turn over to the petitioners under the new rule of law. Of these identified files, the Proskauer firm could not locate seven, which it contended may be contained, along with other files of other clients, in certain unindexed back-up data tapes from its earlier computer system. After turning over the 180 files to petitioners, the Proskauer firm moved for final judgment claiming that it had complied in good faith to the best of its ability and that the cost of searching for and retrieving the missing files would be onerous. Petitioners then cross-moved for a discovery order and sanctions. The motion court granted the motion and denied the cross motion.

We reverse. Contrary to the parties' contentions, this is not a matter of documents demanded but not produced in discovery or of spoliation of relevant evidence. It is, more precisely, a case about documents as property. Petitioner's interest in the subject files is a property right and the Proskauer firm had a general duty to provide that material to petitioners upon their request absent a substantial showing of good cause to refuse client access. Here, Proskauer's showing of "good cause" to deny petitioner's access to the missing files, to wit, that these files may be commingled with other clients' records and that their search and retrieval would be costly and burdensome, is unavailing. Although the Proskauer firm has a duty not to expose its clients' privileged information to petitioner, it can inspect the subject tapes for any of petitioner's missing files. The Proskauer firm's assessment of the projected cost and burden associated with the search is based almost exclusively on hearsay statements attributed to its outside computer consultant, AccessData. As such, it was error by the motion court to deny petitioner discovery as to the nature of Proskauer's earlier computer system and other technical details regarding the storage and retrieval of its data, including the projected cost of retrieval.

Further, the motion court improvidently exercised its discretion by directing the Proskauer firm to pay for the costs of

providing the missing records. The assemblage and delivery of documents to a client is properly chargeable to the client (*Matter of Sage Realty Corp. v Proskauer Rose Goetz & Mendelsohn, supra* at 38). Accordingly, petitioner shall pay for the cost of any search and retrieval of the subject missing files and any dispute as to this cost shall be resolved by the Supreme Court upon proper motion. Concur—Williams, P.J., Mazzarelli, Saxe, Lerner and Marlow, JJ.